UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Corey Burns, individually and on behalf of all others similarly situated,

   *Plaintiff*,

v.

Fleetech, Inc., et al.

   *Defendants*.

No. 23 CV 16835

Judge Lindsay C. Jenkins

## Memorandum Opinion and Order

Plaintiff Corey Burns, individually and on behalf of all others similarly situated, sued Fleetech, its president, Mindaugas Mickevicius, Clover Express, and its president Sarunas Dobilas for violation of the Illinois Wage Payment and Collection Act ("IWPCA"), Fair Labor Standards Act ("FLSA"), and for unjust enrichment. [Dkt. 13 at 1-2.][1] Burns alleges that Defendants misclassify drivers like him as independent contractors as opposed to employees and compensate them in an unlawful manner. [*Id.* at 1.] Burns moved for conditional certification of his FLSA class action claim [Dkt. 45], and Fleetech and Mickevicius opposed that motion. [Dkt. 49.][2] For the reasons stated herein, the Court denies Burns's motion without prejudice.

## Background

From August 2022 and November 2022, Burns worked as a truck driver making deliveries for Fleetech and Clover. [Dkt 45-3 ¶2.] He signed an independent contractor agreement with Clover and leased a truck and trailer from Fleetech which bore Clover's insignia. [*Id.* at ¶¶3–4.] He worked full time and was required to regularly check in with Clover to receive instructions about which loads to haul and where and when to pick them up. [*Id.* at ¶8, 11.]

He was required to comply with Clover's instructions and submit logbooks and other paperwork to Fleetech's office on a weekly basis. [*Id.* at ¶¶8–9.] If his truck or trailer needed service, he was required to go to Fleetech's yard in Illinois for repairs. [*Id.* at ¶10.] While Burns was paid on a percentage-of-the-load basis for deliveries, defendants made deductions from his pay and failed to reimburse Burns for various

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2] Defendants Clover Express and Sarunas Dobilas did not submit a brief in opposition to conditional certification.

1

out-of-pocket expenses incurred to perform his duties. [*Id.* at ¶¶7, 13–14.] As a result, his take-home pay fell significantly below the minimum wage and sometimes he earned nothing at all, instead incurring deductions subtracted from subsequent paychecks. [*Id.* at ¶¶15–17.]

During Burns's visits to Fleetech's office and yard, he observed at least a dozen other delivery drivers. [*Id.* at ¶18.] It is his understanding that these drivers were subject to the same classification and compensation policies implemented by Fleetech and Clover. [*Id.*]

## Analysis

Section 216(b) of the FLSA "gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Latipov v. AN Enter., Inc.*, 2024 WL 474166, at *5 (quoting *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010)). Courts in this district employ a two-step process in collective actions. Relevant here, the first step is the "conditional certification stage."[3] *Id.*

At the conditional certification stage, all Burns needs to show is "that there are similarly situated employees who are potential claimants." *Id.* This burden is "modest" and can be satisfied by showing the plaintiff and others were "victims of a common policy or plan that violated the law." *Russell*, 575 F. Supp. 2d. 930, at 933; *see also Latipov*, 2024 WL 474166, at *5 (courts give a "lenient interpretation" to "similarly situated"). In essence, Burns must present some evidence that the alleged FLSA violations that harmed him were "the product of a company-wide policy." *Boyd v. Alutiiq Glob. Sols., LLC*, 2011 WL 3511085, at *4 (N.D. Ill. Aug. 8, 2011). That evidence can take the form of "an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employes subjected to a common policy." *Id.* (quoting *Molina v. First Line Solutions LLC*, 566 F.Supp.2d 770, 786 (N.D. Ill. 2007)).

Burn argues that other drivers who worked for Fleetech and Clover were subject to the same misclassification and compensation policies. [Dkt 45-3 ¶18.] He therefore seeks to certify a collective of "all truck delivery drivers who worked for Fleetech and Clover in the United States between December 2020 and the present, who were classified as independent contractors." [Dkt. 45 at 3.]

In support of conditional certification, Brown attaches a declaration where he attests to his "understanding" that the drivers he observed in Fleetech's office and

---

[3] The second step occurs after the parties have taken discovery, where a defendant may ask the Court to reexamine whether there is "sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008).

yard "were subject to the same classification and compensation policies" that he was. [Dkt. 45-3 at ¶18.] He also points to Fleetech's Better Business Bureau website which includes four anonymous, negative reviews, [Dkt. 45-4], and Clover's Facebook page which purports to show Clover soliciting truck drivers willing to work as independent contractors. [Dkt. 45-5 at 7.]

"Although the requirements at step one are lenient," the declaration from Burns does not "provide the Court with sufficient information to determine whether putative class members were part of a common policy." *Montero v. JPMorgan Chase & Co.*, 2017 WL 11669367, at *2 (N.D. Ill. Jan. 5, 2017). While Burns's declaration gives ample reason to believe that he may have been the victim of FLSA violations, there is no "evidence that suggests these violations were part of a common policy or practice sufficient to support a conditional certification of a class." *Id.*; *Placide v. Roadrunner Transportation Servs. Inc.*, 2022 WL 3682912, at *3 (E.D. Wis. Aug. 25, 2022) (declining to conditionally certify where material submitted "largely sp[oke] to [Plaintiff's] own experience" and did not support the conclusion that "[Plaintiff's] experience mirrors that of other drivers"). Instead, Burns asks the Court to agree that given "how he was treated," other drivers were likely subjected to the same conditions and FLSA violations. *Harris v. Reliable Reps. Inc.*, 2014 WL 2115352, at *3 (N.D. Ind. May 21, 2014). Missing from his conditional certification motion, though, are facts supporting that inference.

Burns's assertion about his "understanding" of Fleetech and Clover's employment practices with respect to other drivers is too conclusory to be credited. *See Harris v. Reliable Reps. Inc.*, 2014 WL 2115352, at *3 (N.D. Ind. May 21, 2014) (denying conditional certification where declarants asserted only their belief that putative class members were subjected to the same pay practices with "no facts to support these conclusions"). He does not explain how he gained this "understanding" or offer any other representations to enhance the credibility of his assertion. *See Montero*, 2017 WL 11669367, at *2 ("The Court is not informed how the affiants are aware" that other employees "were subjected to similar practices."); *Ford v. MIJ, Inc.*, 2021 WL 2134570, at *3 (N.D. Ind. May 25, 2021) (denying conditional certification where Plaintiff's supporting declaration made "broad allegations regarding Defendant's treatment of other[s] … without the slightest indication of how Plaintiff came about this information"). Personal knowledge is required for a declaration, but Burns's declaration lacks any basis for his representation with respect to these other drivers. To support conditional certification "plaintiffs cannot rely on their allegations alone to make the required modest factual showing." *Boyd*, 2011 WL 3511085, at *4. Without substantiation as to the source of Burns's personal knowledge, his representation is no better than an allegation.

Fleetech's Better Business Bureau website and Clover's Facebook page cannot push Burns's conditional certification motion over the factual hurdle either. First, even if the Court was inclined to credit the anonymous one-star reviews on the Better

3

Business Bureau website (it is not), the reviews say nothing about what policies the disgruntled workers were subjected to. While the reviews indicate issues with Fleetech's payment scheme, they do not suggest Fleetech and Clover's "pay practices are consistent among all of its [drivers]." *Boyd*, 2011 WL 3511085, at *2. Second, Clover's Facebook page indicates Clover's aim to hire drivers on a 1099 basis but provides no basis to believe there are other workers in Burns's position who were subjected to similar deductions and out-of-pocket expenses. Put another way, the Facebook page is not evidence that there are "other potential plaintiffs [who] were victims of a common policy or plan that violated the law." *Ford*, 2021 WL 2134570, at *3. These differences also distinguish this case from *Brown v. Select One*, 2024 WL 3398362, at*7 (N.D. Ill. July 12, 2024 (noting that in addition to a declaration attesting to personal knowledge of other drivers' working conditions, Brown pointed to "portions of Select One's website, which recruits prospective drivers to work for Select One by touting some of the practices Brown alleges he was subjected to"). While Burns notes Fleetech and Clover do not have established websites [Dkt. 50 at n.5], even putting aside reliability issues with the Better Business Bureau and Facebook pages, their content—unlike the content of the website in *Brown*—does not support Burns's motion because it does not indicate that other workers were subjected to the same allegedly illegal policies as Burns.

Fleetech and Mickevicius request dismissal of the conditional certification motion with prejudice in light of a change in Burns's declaration between his first motion for conditional certification [Dkt. 26] and his renewed motion [Dkt. 45]. The Court does not view the change in the nefarious manner Fleetech and Mickevicius do. The removal of paragraph 19 from Burns's original declaration—which asserted that the delivery drivers Burns observed in Fleetech's yard worked for companies other than Clover—only highlights the vague, cursory, and insufficient nature of Burns's allegations in support of his renewed motion for conditional certification.

If at a later date Burns can provide more factual support for his position—for example, factual allegations concerning how he learned that Fleetech and Clover's policies were applied to other drivers—the Court will reconsider the issue of certification.[4]

---

[4] Given the Court's ruling, it declines to consider arguments concerning the content of Burns's proposed notice. Should Burns move for conditional certification again, the Court will take up that issue if necessary.

4

## Conclusion

For these reasons, Burns's Renewed Motion for Conditional Certification [Dkt. 45] is denied without prejudice.

Enter: 24 CV 4385
Date:  January 14, 2025

_____
Lindsay C. Jenkins
United States District Judge